UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANTHONY-SHANE MARTIN, ) | Civil Action No. 4:22-cv-2043-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| CORRECT CARE RECOVERY ) | |
| SOLUTIONS, ERIN GAFFNEY, ) | |
| BRIAN DAVIS, JARED ANDERSON, ) | |
| DOCTOR DUBIE, and GINA BRISSON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ANTHONY-SHANE MARTIN, ) | Civil Action No. 4:22-cv-2042-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| WELLPATH/CORRECT CARE, ERIN ) | |
| GAFFNEY, LISA YOUNG, RAY ) | |
| WALKER, LENOKA GAVIN, ) | |
| HODIYAH LEWIS, and DR. CARDON, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The two cases captioned above have been consolidated for the purposes of discovery and dispositive motions. Presently before the court are Plaintiff's Motion to Appoint Counsel (ECF No. 15), Plaintiff's Motion to Amend Complaint (ECF No. 16), Plaintiff's Motion for Order of Transportation (ECF No. 25), Plaintiff's Motion to Compel (ECF NO. 30), and Plaintiff's Motion for Hearing (ECF No. 31). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

In his Motion to Appoint Counsel, Plaintiff asserts that he is unable to afford counsel, his civil commitment greatly limits his ability to litigate this case, the issues in the case are complex, and the trial of this case would involve conflicting testimony better handled by counsel than by pro se Plaintiff. There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment should be allowed only in exceptional cases. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). This is a typical complaint by a prisoner seeking to pursue a civil case pro se in federal court, and after a review of the file, there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney was not appointed. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Therefore, Plaintiff's Motion to Appoint Counsel (ECF No. 15) is **DENIED**.

In his motion to amend his complaint, Plaintiff seeks only to make minor typographical changes and two slight changes to his prayer for relief. He seeks to add "4th" to the list of amendments allegedly violated by Defendants in paragraph 21 and the combination of Paragraphs 22 and 23, such that the requests for a declaration from the Court that Plaintiff's rights are violated and for a written apology from Defendants on company letterhead are combined to request a declaration on company letterhead that Plaintiff's rights were violated. These minor edits do not affect the substance of Plaintiff's factual or legal allegations and, thus, allowing the amendment would be futile. See, e.g., Franks v. Ross, 313 F.3d 184, 193 (4th Cir. 2002) (noting that denying leave to amend a complaint is proper where the proposed amendment would be futile). Therefore, Plaintiff's Motion to Amend Complaint (ECF No. 16) is **DENIED**.

Plaintiff also seeks an order of transportation to address the issues raised in this case in a court of law. Plaintiff's motion is premature as no hearings have been scheduled. Therefore, Plaintiff's Motion for Order of Transportation (ECF No. 25) is **DENIED**.

In his motion to compel, Plaintiff asks the court to compel Defendants to produce documents requested by Plaintiff on October 14, 2022, including "Security training manual, Unit manager training manual, Clinician training manual, Complete policy/rules, procedure manual." He argues that Defendants cannot claim that documents are confidential or privileged without proof that the information is in fact confidential or privileged. Plaintiff also asks for a show cause hearing on this motion.

In response to Plaintiff's motion, Defendants assert they did not object on the basis of confidentiality or privilege, but rather on relevance and security concerns and therapeutic concerns. With respect to relevance, Defendant argues that Plaintiff's complaint takes issue with the conditions of his confinement in the Sexually Violent Predator Treatment Program (SVPTP), such as restriction of his access to the internet, and thus, individual staff conduct is not at issue such that the manuals used to train staff would be relevant to his claims.

With respect to security and therapeutic concerns, Defendants submitted the affidavit of the facility director Ron Lawrenz to explain the nature of the concerns. Lawrenz Aff. (ECF No. 34-2). As to security risks, Lawrenz explains that

> Production of staff training materials, policies, and procedures as requested by the Plaintiff would pose a security risk within the facility. Residents of the SVPTP are housed at the maximum security prison pursuant to the terms of the SVP Act which resulted in an Interagency Agreement between SCDMH and SCDC. Because SVPTP residents are housed in a maximum security setting, and due to the fact that the General Assembly determined residents of the SVPTP are dangerous, the residents of the SVPTP are subject to various living restrictions, which are necessary to

> maintain order and safety within the facility. Production of staff policies, procedures, and training materials (especially of security personnel and unit managers) would compromise security by providing residents with a window into how the facility is managed and run, how security threats are responded to, what countermeasures exist, and et cetera. Production of such training materials, policies, and procedures may increase the likelihood of violence within the facility, including the risk of riots and insurrection, as such documents could give residents the framework to violate facility rules.

Lawrenz Aff. ¶10. As to therapeutic concerns, Lawrenz explains that

> Production of staff training materials, policies, and procedures as requested by the Plaintiff would also pose therapeutic concerns within the program. As mentioned above, residents of the SVPTP are provided with psychiatric and psychological treatment with the goal that residents can be discharged to lead a productive and meaningful lives within their communities when they are determined to be safe to be at large and not likely to sexually re-offend. These therapeutic goals for the Plaintiff and for other residents within the program could be compromised by production of the materials sought by the Plaintiff. Residents at this facility have in the past taken treatment documents and used them in counter-therapeutic ways, such as engaging in fantasy behavior and sexually acting out. Allowing staff policies, procedures, and training materials (especially of clinician personnel) compromises treatment because residents use such materials to focus on events that do not concern them, rather than focusing on treatment. This distraction allows residents to fixate on and amplify discrete and indiscriminate events to the detriment of treatment goals. Thus, the circulation of staff policies, procedures, and training materials is disruptive, dangerous, and a distraction to the treatment each resident is receiving.

Lawrenz Aff. ¶11.

Rule 26 of the Federal Rules of Civil Procedure makes clear that information sought in discovery must be "relevant to any party's claim or defense" and must be "proportional to the needs of the case." Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019). Here, Plaintiff fails to show how the requested discovery is relevant to his claims. As noted by Defendants, he complains of the restrictions applicable to him as a part of the SVPTP and not of any alleged wrongful conduct on the part of staff members. For this reason, coupled with the legitimate security and therapeutic concerns identified and explained above, Plaintiff's Motion to Compel and Motion

for Hearing (ECF Nos. 30, 31) are **DENIED**.

    **IT IS SO ORDERED.**

                                                             s/Thomas E. Rogers, III
                                                            Thomas E. Rogers, III
                                                            United States Magistrate Judge

June 7, 2023
Florence, South Carolina